UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 96-00130-CR-MOORE

UNITED STATES OF AMERICA

v.

FERMIN MIRBAL,

       Defendant.
                                 /

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR REDUCTION OF SENTENCE PURSUANT 18 U.S.C. §3582(c)

The United States, by and through the undersigned Assistant United States Attorney, respectfully submits this response to defendant Fermin Mirabal's Pro Se Motion for Reduction of Sentence Pursuant 18 U.S.C. §3582(c). The Motion seeks a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 748, which will become permanent via Amendment 750 to the Sentencing Guidelines. The defendant's motion should be denied because he was sentenced to the statutory mandatory minimum.

### BACKGROUND

The defendant pled guilty to Counts 1 through 8 of an eleven count indictment charging the defendant with conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (Counts 1 and 2), possession with intent to distribute crack cocaine (Counts 3, 5 and 7) and distribution of crack cocaine (Counts 4, 6, and 8). The government filed a notice of prior conviction pursuant to 21 U.S.C. §851, enhancing the mandatory minimum term of imprisonment to 20 years as to Counts 1 and 2 and 10 years as to Counts 3 through 8. PSI at p.2. According to the Presentence Investigation Report ("PSI"), the defendant's guideline range was

1

121 to 151 months based on an adjusted offense level of 30 and a criminal history category of III.  PSI ¶72.  In light of the §851 enhancement, however, the defendant faced a statutory minimum term of 240 months/20 years. The court sentenced the defendant to the statutory minimum term.

## ARGUMENT

The defendant's motion should be denied because he was sentenced to a mandatory minimum sentence required by statute.  The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply.  *See* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")).  Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant.  *See, e.g., United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

Section 3582(c)(2) provides that where a court has sentenced a defendant to a term of imprisonment based on a sentencing range that the Sentencing Commission has lowered pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement for this case is found in U.S.S.G. §1B1.10(a). Where "a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines [ ] listed in [§ 1B1.10(c) ]," a reduction in the defendant's prison sentence is authorized under 18 U.S.C. §3582(c)(2). U.S.S.G. § 1B1.10(a)(1) (2010). However, if an amendment is not listed in §1B1.10(c), it may not be applied retroactively in a §3582(c)(2) motion. *See id.* §1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n. 2 (4th Cir. 2009) (citing *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004)).

Amendment 748, which implemented provisions of the Fair Sentencing Act of 2010, Pub. L. 111–220, 124 Stat. 2372 [hereinafter FSA]. The FSA directs the United States Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. *See* 124 Stat. at 2374. The result of this directive was Amendment 748, which included a downward adjustment of the base offense levels for crack cocaine possession. Amendment 748 is a temporary, emergency amendment.

On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the United States Sentencing Commission voted to give Amendment 748 retroactive effect, which will be designated Amendment 750 in Appendix C of the United States Sentencing Guidelines. *See* 76 Fed. Reg. 41332–41335 (July 13, 2011). However, absent contrary congressional action, Amendment 750 will not have retroactive effect until its effective date of November 1, 2011 and therefore cannot serve as a basis for sentence reduction under §3582. *Id.* at 41332.

Section 1B.10(b)(1) provides that, in determining whether relief is available under Section 3582(c), the district court "shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." The determination at the original sentencing that the statutory mandatory minimum required a guidelines sentence of at least 240 months is a "guideline application decision" that cannot be revisited in Section 3582(c) proceedings. *See* Guidelines § 5G1.1(b), (c).

The Fair Sentencing Act (FSA) does not apply retroactively for purposes of the defendant *statutory* minimum. As such, Amendment 750 would not apply to this defendant because he is already sentenced to the statutory mandatory minimum of 240 months. The FSA reduced disparities in sentencing that resulted from the existing 100:1 ratio between the quantities of crack and powder cocaine needed to trigger higher sentencing ranges under federal drug statutes by increasing the threshold amount of crack cocaine required for a five-year mandatory minimum sentence from 5 grams to 28 grams, 21 U.S.C. §§ 841(b)(1)(B)(iii), 960(b)(2)(C), and increasing the threshold amount of crack cocaine required for a ten-year mandatory minimum from 50 grams to 280 grams, 21 U.S.C. §§ 841(b)(1)(A)(iii), 960(b)(1)(C). It is the position of the United States that the FSA's sentencing provisions apply to all sentencings and resentencings on or after August 3, 2010, regardless of when the offense conduct took place. The defendant's sentencing took place prior to that date. *See, e.g., United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) (joining "every other circuit court to have considered this question" in holding that the FSA does not "apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment") (citing *United States v. Bullard*, 645 F.3d 237, 247–49 (4th Cir. 2011); *United States v. Goncalves*, 642 F.3d 245, 251–55 (1st Cir. 2011); *Acoff*, 634 F.3d at 202;

*United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).  The cases cited above have concluded that the plain language and legislative history of the FSA give no indication that the less harsh sentences for which the Act provides apply to defendants whose conduct and sentencing occurred before the law's enactment. There is no express provision or statement in the FSA providing for a post-Act reduction in pre-enactment sentences such as Mr. Howard's. Nor does Act itself the requisite implication that it was meant to apply to such sentences.  *See id.* at 1227.

## CONCLUSION

The defendant was correctly sentenced under the statutory provisions that applied at the time of the original sentencing.  A sentence reduction proceeding under Section 3582(c)(2) is not "a sentencing or resentencing proceeding."  *Dillon v. United States*, 130 S. Ct. 2683, 2690, 2691 (2010) ("Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.")  Thus, the Court may not reduce the sentence below

5

the applicable mandatory minimum under pre-FSA law.   For all of the reasons stated above, the government respectfully requests that this Court should deny the Motion.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:  s/ Armando Rosquete
        ARMANDO ROSQUETE
        Assistant United States Attorney
        Florida Bar No.  0648434
        99 N.E. 4th street
        Miami, FL 33132
        Telephone: (305) 961-9377
        Fax: (305) 536-7213
        E-mail: armando.rosquete@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of October 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        s/ Armando Rosquete
        Armando Rosquete
        Assistant United States Attorney